Citation Nr: 1237353 
Decision Date: 10/31/12 Archive Date: 11/09/12

DOCKET NO. 90-43 344 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Los Angeles, California


THE ISSUES

1. Entitlement to service connection for depression, claimed as secondary to service-connected gastritis and duodenitis with hiatal hernia.

2. Entitlement to service connection for an intestinal motility disorder/irritable bowel syndrome (IBS), claimed as secondary to service-connected gastritis and duodenitis with hiatal hernia.

3. Entitlement to an initial evaluation higher than 30 percent for service-connected gastritis and duodenitis with hiatal hernia.

4. Entitlement to a total disability evaluation based on individual unemployability due to service-connected disabilities (TDIU). 


REPRESENTATION

Appellant represented by: Vietnam Veterans of America



ATTORNEY FOR THE BOARD

S. Higgs, Counsel


INTRODUCTION

The Veteran had active service from January 1966 to December 1968. 

The Board of Veterans' Appeals (Board) is again compelled to remand this matter. This appeal is from rating decisions by the Department of Veterans Affairs (VA) Regional Office (RO) in Los Angeles, California, issued in December 1989, August 1999, and April 2000. 

As to representation, the Veteran was previously represented by an attorney at law, who withdrew via letter of April 1999. He was then represented by a Veterans Service Organization. In January 2008, he and his wife executed a VA Form 21-22a (Appointment of Individual as Claimant's Representative), naming her as his representative and expressly revoking "all previous existing powers of attorney." In July 2012, representation of the Veteran in this matter changed once again, to Vietnam Veterans of America, as indicated by a signed VA Form 21-22.

The issue of entitlement to an increased evaluation for the service-connected gastritis and duodenitis with hiatal hernia was remanded by the Board for additional development in December 1990, July 1991, December 1992, and June 1994. A November 1994 rating action increased the rating assigned for the gastritis and duodenitis to 30 percent.

On June 15, 1995, the Board issued a decision denying an evaluation in excess of 30 percent for the gastritis and duodenitis, and the Veteran appealed to the U.S. Court of Appeals for Veterans Claims (Court). 


In October 1996 and pursuant to a Joint Motion for Remand filed by the Veteran and VA, the appeal was returned to the Board. The parties found there had been outstanding VA records which had not been obtained and considered by the Board at the time of the June 1995 decision. 

In March 2001, the Board remanded the issues of entitlement to an evaluation in excess of 30 percent for the service-connected gastritis and duodenitis, and entitlement to a TDIU, for additional development. The Board also found that the claims for secondary service connection for depression and an intestinal motility disorder/irritable bowel syndrome (IBS) were intertwined with the issues on appeal, and deferred further action on them at that time. 

The Board issued a decision in July 2007, which denied the Veteran's claims. The Veteran subsequently filed motions to vacate, for reconsideration, and alleging clear and unmistakable error (CUE). He also submitted additional argument and evidence in support of his appeal, to include medical opinion evidence. 

In March 2009, the Board vacated its July 2007 decision. In May 2009, the Board referred the Veteran's case to the Veterans Health Administration (VHA) for medical expert opinions to address certain medical questions pertaining to the issues on appeal pursuant to its authority under 38 C.F.R. § 20.901. Medical expert opinions from a gastroenterologist and a psychiatrist were obtained, and copies of these medical opinions were sent to the Veteran in October 2009. At that time, the Veteran was advised that he had 60 days in which to review the medical opinions and submit any additional evidence or argument he had in support of his claims. 38 C.F.R. §§ 20.902, 20.903. 

In response, the Veteran submitted additional evidence and argument in support of his appeal. He specifically asked that the newly submitted evidence and/or argument be remanded for RO review. See Motion for Remand dated October 20, 2009, and Medical Opinion Response Form dated October 27, 2009. 



On November 30, 2009, the Board remanded the Veteran's claims for readjudication. On remand, the case was readjudicated by the Appeals Management Center (AMC), and a Supplemental Statement of the Case (SSOC) was issued in June 2010. 

In a January 2010 statement, on the VA Form 21-4138 (Statement in Support of Claim), the Veteran's representative asked that a number of issues be evaluated for service-connection on both a direct and secondary basis. Except for the issues currently on appeal and adjudicated herein which were also listed, the issues delineated by the representative have not been adjudicated by the RO, and the Board does not yet have jurisdiction over them. HOWEVER, BECAUSE THESE ISSUES HAVE BEEN RAISED BY THE RECORD, THEY ARE REFERRED TO THE RO/AMC FOR APPROPRIATE ACTION. 

By an order dated in March 2012, the Court granted a Joint Motion for Remand, and thereby vacated and remanded a June 2011 Board decision in this matter for further development and adjudication. The Board's actions below are issued to comply with the Court's Order.

In correspondence received in August 2012, the Veteran's current representative noted that the Veteran had submitted new evidence in support of his claims within 90 days of the date the case had been returned to the Board from the Court of Appeals of Veterans Claims, and expressly did not waive review by the Agency of Original Jurisdiction. The representative requested that the Board remand this matter to the agency of original jurisdiction for review of the newly submitted evidence as soon as possible. A remand is therefore required for initial consideration of the newly received evidence by the agency of original jurisdiction. See 38 C.F.R. § 19.37(b), 20.1304(c). See also, Joint Motion for Remand dated in March 2012, pages 2-6. 

The appeal is REMANDED to the RO via the Appeals Management Center (AMC), in Washington, DC. VA will notify the appellant if further action is required.


REMAND

In the March 2012 Joint Motion for Remand it was agreed that an August 2009 VA reviewing physician overlooked evidence of treatment of the Veteran for irritable bowel syndrome (IBS) in 2005, including an April 2005 prescription note indicating that he was receiving Zelnorm for IBS in 2005. Additionally, the parties agreed that an August 2003 VA examiner's findings that the Veteran was unemployable due to nonservice-connected depression and not due to service-connected gastrointestinal disability was a summary conclusion without a supporting explanation or rationale. See Nieves-Rodriguez v. Peake, 22 Vet. App. 295, 304 (2008) (neither a VA examination report nor a private medical opinion is entitled to any weight in a service-connection or rating context if it contains only data and conclusions; most of the probative value of a medical opinion comes from its reasoning).

Additionally, the RO/AMC should seek to obtain any additional relevant evidence for association with the claims file. See 38 U.S.C.A. § 5103A(a)-(c).

Accordingly, the case is REMANDED for the following action:

1. Request the Veteran to identify all relevant records of VA and non-VA health care providers who have treated him for IBS, gastritis and duodenitis with hiatal hernia, or psychiatric disability, but that may not have been previously associated with the claims file.

* After obtaining any appropriate authorizations for release of medical information, the RO/AMC must seek to obtain any potentially relevant and available records that have not been previously received from each health care provider the Veteran identifies. 




* The records sought must include any private records of treatment for IBS that have not been previously received, to include those corresponding to an April 2005 prescription note from M. A. Menon, M.D., in Apple Valley, California, indicating that the Veteran was receiving Zelnor for irritable bowel syndrome.

* The Veteran must also be advised that with respect to private medical evidence he may alternatively obtain the records on his own and submit them to the RO/AMC.

2. Determine whether the Veteran has ever been in receipt of or has ever applied for Social Security Administration (SSA) disability benefits. If so, contact the Social Security Administration (SSA) and seek to obtain and associate with the claims file copies of the Veteran's records regarding SSA disability benefits, including any SSA disability decisions (favorable or unfavorable) and the medical records upon which the decisions were based. 

3. Once all available medical records have been received, arrange for VA a gastrointestinal examination with an appropriate PHYSICIAN, since this case involves complex diagnostic distinctions between gastrointestinal disorders and secondary relationships between physical and psychiatric disorders. 

The following considerations will govern the examination:

* The claims file and a copy of this remand must be made available to the examiner, who will acknowledge receipt and review of these materials in any report generated as a result of this remand.

* If deemed appropriate by the examiner, the Veteran must be scheduled for further examinations. All indicated tests and studies must be performed. 

* The examiner must take a complete history as to the Veteran's education, training and occupational history.

* The examiner must take a complete history as to the nature and onset of the Veteran's gastrointestinal disability, including claimed IBS, and his depression.

* If there is a medical basis to support or doubt the history provided by the Veteran, the examiner must state this, with a fully reasoned explanation.

* Although he or she must review all evidence of record, the examiner's attention is called to the following:

-Record of VA treatment dated in April 1991 indicating a diagnosis of suspected irritable bowel syndrome, among other suspected diagnoses.

-Record of VA treatment dated in June 1994 indicating that, after a work-up and laboratory testing, the Veteran was assessed as having gastritis reflux and irritable bowel syndrome. 

-Record of VA treatment dated in September 1994 indicating that the Veteran was diagnosed by biopsy as having erosive gastritis and duodenitis. 

-Record of VA treatment dated January 28, 1998 (although the document date is unclear as to whether it is from 1990 or 1998, it is apparent from the chronology of documents contained in claims file Vol. 3 that the year of treatment was 1998) indicating diagnoses of gastritis, major depression, tension headaches, questionable prostatitis, and irritable bowel syndrome.

-Prescription noted dated April 2005 from M.A. Menon, M.D., indicating that the Veteran was prescribed Zelnor to treat irritable bowel syndrome.

-VHA psychiatric opinion dated June 2009 and a VHA gastroenterology opinion dated August 2009.

* The August 2009 VHA medical opinion summarized the relevant medical history as it relates to the Veteran's gastrointestinal problems and wrote that, on the most recent history and physical in 2003, there was no mention in the assessment/plan of intestinal motility disorder, irritable bowel syndrome, or other psychophysiological gastrointestinal disorder. He also later added that, based on available data, it is his opinion that the Veteran had evidence of gastritis and duodenitis on VA endoscopies but no evidence of ulcer. 

* The examiner must provide an opinion as to whether the Veteran has experienced irritable bowel syndrome or an intestinal motility disorder at any time from April 1991 forward.

* If the Veteran is found to have experienced irritable bowel syndrome or an intestinal motility disorder at any time from April 1991 forward, the examiner must provide an opinion as to whether this disorder is caused by or aggravated (chronically worsened) by the Veteran's service-connected gastritis and duodenitis with hiatal hernia.

* The examiner must provide an opinion as to whether the Veteran's service-connected gastrointestinal disaibility causes or aggravates (chonically worsens) his psychiatric disability.

* AS TO HIS CLAIMED UNEMPLOYABILITY DUE TO SERVICE-CONNECTED DISORDERS, the examiner must be referenced to the March 2012 opinion of Jerry W. Bush, M.D., specializing in internal medicine and disability medicine, that the Veteran is precluded, by reason of his service-connected disabilities, from obtaining any form of gainful employment. 

* The examiner must be referenced to excerpts from medical treatises or published articles, received in March 2012, indicating that depression is linked to chronic pain, that depression is related to chronic illness, and that people experiencing chronic illness or chronic pain are at greater risk for mental health problems.

* The examiner must be referenced to excerpts from medical treatises or published articles, received in August 2010, indicating that many medical conditions are associated with an increased rate of depression; that IBS patients usually experience chronic gastritis, hemorrhoids, and urolithiasis; that irritable bowel syndrome may be associated with depression; that adult patients with IBS have a much higher chance of having a definable psychiatric illness; and that although there are objective ways to clearly distinguish an organic GI disease (inflammatory bowel disease) from a functional GI disorder (irritable bowel syndrome), it is not uncommon for patients to experience both simultaneously. 

* The examiner must be referenced to the opinion of private neuroradiologist Craig N. Bash, M.D., who concluded in his November 2008 medical opinion that the Veteran's depression was due to his IBS/IBD because the records did not support another cause and the condition was known to be caused by IBS/IBD. See November 2008 report, page 10. 

* The examiner must be referenced to the opinion of private physician Jerry W. Bush, M.D., specializing in the area of internal medicine, who concluded in his January 2010 medical opinion that the Veteran's depression and gastrointestinal symptoms were intertwined and his depression was etiologically related to his gastrointestinal maladies. 

* The examiner must provide an opinion as to whether the Veteran's gastrointestinal disability renders him unable to secure or maintain substantially gainful (earning a living wage) employment consistent with his education, training, and occupational experience.

* The examiner must provide findings as to all manifestations of the Veteran's gastrointestinal disaiblity, including whether the presence and extent of any resulting anemia, weight loss, vomiting, hematemesis or melena, abdominal pain, disturbances in bowel function, nodular lesions, small eroded or ulcerate areas, or severe hemorrhages or large ulcerated or eroded areas.

* The examiner must discuss all medications currently prescribed for the Veteran's gastrointestinal illness. 

* The examiner must discuss the impact of the Veteran's gastrointestinal illness on his social and occupational function, his ordinary activities of daily life, and his activities of daily living (ADLs).

* In all conclusions, the examiner must identify and explain the medical basis or bases, with identification of the relevant evidence of record. 

* The examiner is requested to provide a FULLY REASONED EXPLANATION for his or her opinions, based on his or her clinical experience, medical expertise, and established medical principles. 

* The examiner is advised that by law, an examiner's statement that an opinion is based on the medical expertise of the examiner, but without a fully reasoned explanation, is not a legally sufficient opinion and will likely result in a return of the claim to the examiner.

4. The Veteran must also be scheduled for a VA psychiatric examination, for the purpose of obtaining an opinion from a mental health clinician's perspective as to whether the Veteran has a psychiatric disorder that is caused or aggravated by service-connected gastrointestinal disaiblity.

The following considerations will govern the examination:

* The claims file and a copy of this remand must be made available to the examiner, who will acknowledge receipt and review of these materials in any report generated as a result of this remand.

* The examiner must take a complete history as to the nature and onset of the Veteran's psychiatric disaiblity.

* If there is a medical basis to support or doubt the history provided by the Veteran, the examiner must state this, with a fully reasoned explanation.

* The examiner must be referenced to a VHA psychiatric opinion dated in June 2009.

* The examiner must be referenced to excerpts from medical treatises or published articles, received in March 2012, indicating that depression is linked to chronic pain, that depression is related to chronic illness, and that people experiencing chronic illness or chronic pain are at greater risk for mental health problems.

* The examiner must be referenced to excerpts from medical treatises or published articles, received in August 2010, indicating that many medical conditions are associated with an increased rate of depression; that IBS patients usually experience chronic gastritis, hemorrhoids, and urolithiasis; that irritable bowel syndrome may be associated with depression; and that adult patients with IBS have a much higher chance of having a definable psychiatric illness. 

* The examiner must be referenced to the opinion of private neuroradiologist Craig N. Bash, M.D., who concluded in his November 2008 medical opinion that the Veteran's depression was due to his IBS/IBD because the records did not support another cause and the condition was known to be caused by IBS/IBD. See November 2008 report, page 10. 

* The examiner must be referenced to the opinion of a private physician Jerry. W. Bush, M.D., specializing in the area of internal medicine, who concluded in his January 2010 medical opinion that the Veteran's depression and gastrointestinal symptoms were intertwined and his depression was etiologically related to his gastrointestinal maladies. 

* The examiner must provide a diagnosis for each psychiatric disorder found upon examination.

* For each diagnosed psychiatric disorder, the examiner must provide an opinion as to whether the disorder began during active service or is related to any incident of service.

* For each diagnosed psychiatric disorder, the examiner must provide an opinion as to whether the disorder is caused or aggravated (chronically worsened) by the Veteran's gastrointestinal disability.

* In all conclusions, the examiner must identify and explain the medical basis or bases, with identification of the relevant evidence of record. 

* The examiner is requested to provide a FULLY REASONED EXPLANATION for his or her opinions, based on his or her clinical experience, medical expertise, and established medical principles. 

* The examiner is advised that by law, an examiner's statement that an opinion is based on the medical expertise of the examiner, but without a fully reasoned explanation, is not a legally sufficient opinion and will likely result in a return of the claim to the examiner.

5. If consultation between the psychiatric and gastrointestinal examiners is deemed helpful or necessary by either examiner or by the RO/AMC in connection with any requested medical opinion, such consultation must take place. 

6. Readjudicate the issues on appeal. 

* Readjudication must include consideration of all relevant evidence of record, to include new evidence received in August 2010 and March 2012. 

* If any benefit sought remains denied, provide the Veteran and his representative a supplemental statement of the case and an appropriate period of time for response.

Thereafter, subject to current appellate procedure, the case must be returned to the Board for further consideration, if otherwise in order. No action is required of the Veteran until he is otherwise notified by the RO/AMC. By this action, the Board intimates no opinion, legal or factual, as to any ultimate disposition warranted in this case.

The Veteran has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

These matters must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States 



Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2011).


_________________________________________________
Vito A. Clementi
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2011).